COMMONWEALTH *vs.* VICTOR A. BOUVIER.

Worcester.    September 30, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Allegations in an Indictment for Perjury.*

If an indictment for perjury clearly alleges that the perjury was committed in the trial of a crime in a certain District Court, before the justice of that court, it is not necessary to allege that the court was then held for criminal business.

An allegation in an indictment for perjury that the defendant swore that he did not *sign* a complaint charging a person with keeping intoxicating liquor for sale without any license therefor, and that the name which was subscribed to it as complainant was not in his handwriting, includes an averment that he denied having signed the complaint as complainant.

INDICTMENT for perjury, the material portions of which are as follows : " That heretofore and at the time of the committing of the offence hereinafter mentioned, to wit, on the twenty-first day of February in the year of our Lord eighteen hundred and ninety-five, in the First District Court of Southern Worcester holden at Webster in said county of Worcester before Andrew J. Bartholomew, then and there being the justice of said First District Court of Southern Worcester, a certain complaint in which said complaint it was charged that George H. Dumas on the first day of July in the year eighteen hundred and ninety-four, at Charlton in said county, and on divers other days and times between that day and the third day of January in the year eighteen hundred and ninety-five, at Charlton in said county, without any license or authority therefor, did keep intoxicating liquor for sale, came on to be tried, and was then and there in due form of law heard and tried by and before the said Andrew J. Bartholomew, then and there being the justice of the said First District Court of Southern Worcester as aforesaid, upon which said hearing and trial . . . Victor A. Bouvier, . ∴ . of Charlton in said county of Worcester, appeared and tendered himself as a witness in behalf of the Commonwealth, and was then and there sworn before the said Andrew J. Bartholomew, then and there being the justice of the said First District Court of Southern Worcester as aforesaid, and then and there having

sufficient and competent authority to administer the said oath to him the said Victor A. Bouvier . . . in that behalf that the evidence which the said Victor A. Bouvier . . . should give to the court then and there touching the matter then and there in question as to the said complaint, in which said complaint it was charged that the said George H. Dumas without any license or authority therefor did keep intoxicating liquor for sale as aforesaid should be the truth, the whole truth, and nothing but the truth ; . . . that at and upon the hearing and trial of the said complaint as aforesaid, it then and there became and was a material question in said complaint whether he the said . . . Victor A. Bouvier . . . signed said complaint . . . as complainant ; . . . that the said . . . Victor A. Bouvier, . . . being so duly sworn as aforesaid, and contriving and intending to prevent the due course of law and justice, and unjustly and unlawfully to cause and procure without right the acquittal and discharge of said George H. Dumas upon his said trial upon his said complaint, then and there on the said hearing and trial of the said complaint upon his oath aforesaid falsely, corruptly, knowingly, wilfully, and maliciously, before the said Andrew J. Bartholomew, then and there being such justice of the said First District Court of Southern Worcester as aforesaid, did depose and swear, among other things, in substance and to the effect following, that is to say, that he the said Victor A. Bouvier . . . did not sign said complaint . . . and that the name subscribed to said complaint as complainant was not his handwriting. Whereas in truth and in fact the said . . . Victor A. Bouvier . . . did, to wit, before John E. Kimball, a justice of the peace authorized to issue warrants and take bail, at Oxford in said county of Worcester on the second day of January in the year of our Lord one thousand eight hundred and ninety-five sign said complaint, in which said complaint it was charged that said George H. Dumas without any license or authority therefor did keep intoxicating liquor for sale as aforesaid, and then and there, before said John E. Kimball, justice of the peace as aforesaid, subscribe his name to said complaint as complainant in his own handwriting," etc.

In the Superior Court, before the jury were impanelled, the defendant filed a motion to quash the indictment, assigning

among other reasons therefor the following : " Because it does not affirmatively appear in said indictment that the offence, in the trial of which the perjury is alleged to have been committed, was an offence coming within the jurisdiction of the First District Court of Southern Worcester or of the justice thereof," and " because it is alleged in said indictment that it was a material question in said complaint whether said defendant did sign said complaint as complainant, also whether the signature to said complaint as complainant was in the handwriting of said defendant causing said indictment to be defective, in not clearly, plainly, and formally pointing out which question is material and relied upon by the Commonwealth as a basis for the assignment of perjury to a matter material to the issue in said court before said justice then and there being tried."

*Dewey*, J., overruled the motion, and the defendant excepted. The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*C. Haggerty*, (*J. R. Kane* with him,) for the defendant.

*H. Parker*, District Attorney, for the Commonwealth.

ALLEN, J. 1. The act charged in the complaint against Dumas was a crime under the laws of this Commonwealth, and the indictment alleges that this complaint was tried in the First District Court of Southern Worcester, before the justice of that court. The indictment clearly alleges that the perjury was committed in the trial of a crime ; and it was not necessary to allege that the court was then held for criminal business. Pub. Sts. c. 205, § 5. *Commonwealth* v. *Hatfield*, 107 Mass. 227, 230.

2. The indictment sets forth that the defendant swore that he did not sign said complaint, and that the name, which was subscribed to it as complainant was not in his handwriting. This includes an averment that he denied having signed the complaint as complainant.

*Exceptions overruled.*